UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AQUARIAN FOUNDATION,

Plaintiff,

v.

BRUCE KIMBERLY LOWNDES, et al.,

Defendants.

Case No. C19-1879RSM

ORDER RE: REQUEST FOR EX PARTE TEMPORARY RESTRAINING ORDER

On November 19, 2019, Plaintiff Aquarian Foundation filed a Motion for a Temporary Restraining Order ("TRO") against Defendants Bruce Kimberly Lowndes, several members of the Lowndes family, organizations affiliated with that family, organizations doing business with those organizations, and numerous unknown individuals. Dkt. #2. The Aquarian Foundation is a spiritual nonprofit/church located in Washington State. Dkt. #1 at 2–3. Bruce Lowndes and many of the other Defendants appear to reside in Tasmania, Australia. *See, e.g.,* Dkt. #1-11. The TRO seeks an order enjoining Defendants from "[s]elling, marketing, uploading, downloading, publishing, distributing, posting, saving or using onto or from the Cloud, or using in any way Works [for which Plaintiff claims copyright and trademark protection]." Dkt #2-1 at 5. The TRO further seeks to restrain Defendants from "representing,

ORDER RE: REQUEST FOR EX PARTE TEMPORARY RESTRAINING ORDER - 1

implying, claiming, or in any way stating a relationship with or authorization by Aquarian Foundation, Keith Milton Rhinehart, the Church of Higher Spiritualism, or any other image or icon that would lead an average consumer to perceive that there is any relationship to or sponsorship by Aquarian Foundation." *Id*.

Plaintiff requests this Motion be heard without notice to Defendants. Dkt. #2 at 5. In support of this request, Plaintiff asserts that "[t]here is no probability that use and publication of Aquarian's property will stop unless there is *ex parte* court action. The foreign site being used by defendants has not fully cooperated to recognize the rights of Aquarian, so that the account is merely suspended. Defendants in Australia will be allowed up to 90 days to answer this lawsuit, and have evidenced the intent to post and distribute the works on as many media as will allow it…. It would be futile for counsel to further communicate with defendants since they have now broken their promises and agreements to stop publishing and violating Aquarian's property." *Id*. at 9. Plaintiff has provided no evidence of service.

"The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The Court's Local Rules otherwise allow for the adverse party or parties to file a Response to a TRO. *See* LCR 65(b)(5). The adverse party must file a notice "indicating whether it plans to oppose the motion within twenty-four hours after service of the motion," and "file its response, if any, within forty-eight hours after the motion is served." *Id.* No reply is permitted from Plaintiff. *Id.*

ORDER RE: REQUEST FOR EX PARTE TEMPORARY RESTRAINING ORDER - 2

"Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1).

The Court has reviewed Plaintiff's Motion and finds it has failed to demonstrate that immediate and irreparable injury will result before Defendants can be heard in opposition. Plaintiff's Motion admits it was able to obtain the suspension of a website hosting the allegedly infringing content. This would seem to indicate that continuing injury has been halted to some degree. Plaintiff asserts in a conclusory fashion that millions of individuals are viewing infringing content, that there is no probability that this infringement will stop unless there is *ex parte* court action, and that it would be futile for counsel to further communicate with Defendants. None of this has been satisfactorily established. Furthermore, the TRO Motion indicates that Plaintiff first became aware that Defendants were allegedly infringing five years ago and sent a cease and desist letter to them on November 5, 2014. Dkt. #2 at 3. If the infringement has been going on for five years, a delay of a few days for Defendants to respond will not significantly add to Plaintiffs alleged injuries or lead to irreparable harm. Accordingly, the Court will not grant *ex parte* relief and Defendants may file a response pursuant to Local Rule 65(b)(5).

The Court will order Plaintiff to serve Defendants immediately. Because many of Defendants appear to be located in Australia, the Court will give Plaintiffs several days to serve. If Plaintiffs are unable to serve within this time frame, the Court will deny this Motion and Plaintiffs may refile after service of all Defendants is complete.

ORDER RE: REQUEST FOR EX PARTE TEMPORARY RESTRAINING ORDER - 3

Accordingly, the Court DIRECTS Plaintiff to serve a copy of all filings in this case on all named Defendants, including this Order, by no later than noon on Friday, November 22, 2019, and to provide the Court with proof of service no later than 3 p.m. that same day.

Importantly, because Defendants will not receive timely notice of the TRO Motion, the Court will extend the deadlines for Defendants to file notices of intent to respond and to respond. **Defendants shall have until noon on November 25, 2019, to file notices and until noon on November 26, 2019, to file responses, if any.**

DATED this 19 day of November 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE