UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AQUARIAN FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE KIMBERLY LOWNDES, et al.,<br><br>Defendants. | Case No. C19-1879RSM<br><br>ORDER GRANTING DEFENDANT WEATHERLY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND GRANTING IN PART MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Defendant Lynea S. Weatherly's Motion to Dismiss for lack of Personal Jurisdiction. Dkt. #23. Plaintiff Aquarian Foundation ("AF") opposes. Dkt. #26. Given the limited nature of this Motion, the Court has determined that it need not recite the entire set of facts alleged in this case.

AF's 22-page Complaint barely mentions Ms. Weatherly. It states that she "is a former member of AQUARIAN, and believed to, and therefore alleged, to assist the other named Defendants in the acts alleged herein." Dkt. #1 at 4. The Complaint alleges that Defendants have violated AF's copyrights and stolen trade secrets by assisting Defendant Bruce Kimberly Lowndes as his family members or "cohorts." According to AF, Bruce Kimberly Lowndes has "published on-line e-mails to his cohorts in which he describes how his cohorts must subvert

ORDER GRANTING DEFENDANT WEATHERLY'S MOTION TO DISMISS AND
GRANTING IN PART MOTION TO AMEND COMPLAINT - 1

Aquarian's published and unpublished works, and has named Defendants Allen and Anne Jenne and Lynn Weatherly in such e-mails." *Id*. at 10.

Ms. Weatherly currently lives in Texas. Dkt. #24 ("Weatherly Decl."), ¶ 2. For roughly the last 28 years she was an active member in the Aquarian Foundation in Texas. *Id*. She states via declaration that she has not traveled to Washington State in 15 years and has never transacted business here. *Id*. at ¶ 3. She denies having requested or acquired access to AF materials in or from the State of Washington, or soliciting, advertising, or disseminating any AF information in this State. *Id*. at ¶¶ 4–5.

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss.'" *Id*. (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). A plaintiff may not simply rest on the "bare allegations of [the] complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)). But uncontroverted allegations must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

Personal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996). Since Washington's long arm statute reaches only as far as the Due Process Clause, the Court need

ORDER GRANTING DEFENDANT WEATHERLY'S MOTION TO DISMISS AND
GRANTING IN PART MOTION TO AMEND COMPLAINT - 2

only analyze whether the exercise of jurisdiction would comply with due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). For the exercise of jurisdiction to satisfy due process, a nonresident defendant, if not present in the forum, must have "minimum contacts" with the forum such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks omitted). A federal district court may exercise either general or specific personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). To establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002) (internal quotation marks omitted). This court uses the following three-part test to analyze whether a party's "minimum contacts" meet the due process standard for the exercise of specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). While all three requirements must be met, this court has stated that in its

ORDER GRANTING DEFENDANT WEATHERLY'S MOTION TO DISMISS AND GRANTING IN PART MOTION TO AMEND COMPLAINT - 3

consideration of the first two prongs, "[a] strong showing on one axis will permit a lesser showing on the other." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc).

Here, the parties agree that the Court lacks general personal jurisdiction over Defendant Weatherly. *See* Dkt. #26 ay 6 ("Plaintiff is claiming jurisdiction over defendant Weatherly based upon specific, not general, jurisdiction.") Accordingly, the Court will only address specific personal jurisdiction.

As explained above, the Complaint contains almost no details as to Defendant Weatherly's actions giving rise to the Aquarian Foundation's claims. In response to this Motion, the Aquarian Foundation states:

> Defendant Weatherly, from 1991 through 2019, initiated a voluntary Church membership through communications directly to and from Aquarian in Seattle, and promised to uphold Church practices and policies which was a voluntary submittal to the authority of the Church, Her alleged actions arise out of that membership and relationship, as to the interactions with the Seattle Church and as to the knowledge she gained which allowed her to learn how to betray the teachings and policies of the Church….

> Here defendant Weatherly knew that plaintiff Aquarian is located in Seattle Washington. She knew that she was infringing upon copyrights and trademarks by helping defendant Lowndes to reach the very people who would be interested in obtaining his collection of Aquarian publications, under the auspices of a website that appears to be authorized by the plaintiff. She helped Ms. Maraj navigate the vk.com website, which employs its misleading use of the Works, words and imagery that imply—often by direct usage of trademarked images—it is sanctioned or sponsored by plaintiff. This is an intentional act and the act is directly connected to her seeking membership in the Seattle Church, learning about the Church, being aware of the lessons of the Masters offered by the Church, and disagreeing with the hierarchical decision of the Seattle Church to confine the publication and use of the lessons to members with a direct individual membership agreement with the Mother Church.

ORDER GRANTING DEFENDANT WEATHERLY'S MOTION TO DISMISS AND GRANTING IN PART MOTION TO AMEND COMPLAINT - 4

Dkt. #26 at 7.

The Court finds that these alleged facts and the other similarly deficient facts in AF's briefing fail to make a prima facie case for specific personal jurisdiction. The allegations of what Ms. Weatherly has done with regard to AF's copyrighted material and trade secrets are simply too vague and fail to mention her contacts with Washington State. The Court agrees with Defendant Weatherly that her previously "seeking membership" in, "learning about," or "being aware of the lessons of the Masters offered by" the Aquarian Foundation, are insufficient to constitute suit-related conduct connected to Washington State. The claims at issue here are that she assisted Bruce Kimberly Lowndes in violating the Aquarian Foundation's copyrights and/or stealing trade secrets or other materials. *See* Dkt. #1. There is no allegation or argument that Ms. Weatherly had any contact with Washington State in so doing. Even if the claims were fleshed out in sufficient detail, Ms. Weatherly's actions were all apparently in Texas. Accordingly, this Court lacks personal jurisdiction over her and will grant her Motion to dismiss under Rule 12(b)(2).[1]

Finally, the Court notes that it has reviewed the subsequently-filed Motion to Amend Complaint, Dkt. #58, and finds nothing contained therein that would change the outcome of this Order.[2] AF has added that Ms. Weatherly "fully understands the property rights of Aquarian," "openly flaunted her intent to ignore copyright matters," and that she operates a website and has introduced others to Bruce Kimberly Lowndes for the purpose of "further and illegally distributing Aquarian's property." Dkt. #58-1 at 5. The Court finds that AF fails to

---

[1] The Court notes that *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, cited by Defendant Weatherly, reminds the Court that it is the defendant's contacts with the forum, and not his or her contacts with the plaintiff, that are relevant for a specific personal jurisdiction inquiry. *See* 874 F.3d 1064, 1070 (9th Cir. 2017) ("…we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

[2] AF confusingly describes their filing as a "contingent motion to preserve plaintiff's right to amend its Complaint if [Weatherly's Motion to Dismiss] is granted. Dkt. #58 at 2.

ORDER GRANTING DEFENDANT WEATHERLY'S MOTION TO DISMISS AND
GRANTING IN PART MOTION TO AMEND COMPLAINT - 5

allege additional minimum contacts with Washington State sufficient to create specific personal jurisdiction over Ms. Weatherly.

The Motion to Amend, apparently unopposed, makes other small changes and is otherwise granted.  AF is directed to file a version of its proposed Amended Complaint with the proposed changes but without any reference to Defendant Weatherly.

After having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Weatherly's Motion to Dismiss, Dkt. #23, is GRANTED.  All claims against Ms. Weatherly are DISMISSED.

2) Plaintiff Aquarian Foundation's Motion to Amend Complaint, Dkt. #58, is GRANTED IN PART.  Plaintiff is to file a modified copy of its Proposed Amended Complaint, Dkt. #58-1, within fourteen (14) days.  This copy should be identical to the one on the docket but with all references to Ms. Weatherly as a Defendant removed.

DATED this 3rd day of June, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE