UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AQUARIAN FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE KIMBERLY LOWNDES, et al.,<br><br>Defendants. | Case No. C19-1879RSM<br><br>ORDER RE: VARIOUS BRUCE LOWNDES MOTIONS |

This matter comes before the Court on various Motions filed by Defendant Bruce Lowndes.  Dkts. #72, #76, #77, #85, #100, #103, and #104.  These have not been filed in accordance with the Court's Local Civil Rules.  For example, Bruce Lowndes has repeatedly failed to note his Motions according to LCR 7.  His Motions do not follow the format required in LCR 10.  He routinely includes attachments that continue his argument and exceed page length requirements.  These circumstances have made addressing his requested relief extremely difficult for opposing counsel and the Court.

At Docket #72, Bruce Lowndes has filed a letter from his son Matthew Adam Lowndes purporting to be a Motion to set aside default entered against him.  It is not procedurally appropriate for Bruce Lowndes to file Motions on behalf of other parties.  In any event, the

ORDER RE: VARIOUS BRUCE LOWNDES MOTIONS - 1

Court has reviewed the purported Motion and found no good cause to set aside default. Matthew Lowndes does not explain why he has failed to appear in this case and instead reads as a request to be dismissed as a party. This Motion is denied. Likewise, the attached letters/Motions to set aside default for Cherie Ann Lowndes, Dkt. #72-2, and Jane Doe Wife of Matthew Lowndes, Dkt. #72-3, are denied. The Court notes that it will not enter default judgment against defaulting Defendants unless evidence is presented by Plaintiff Aquarian Foundation justifying such an action. The attached "request… not to enter any motion as presented… because it has not been defended," Dkt. #72-4, is procedurally improper. The Court will not grant such a request and will instead follow the Federal Rules of Civil Procedure and this Court's Local Civil Rules.

At Docket #76, Bruce Lowndes moves to "reject, set aside, and dismiss Plaintiff's Dkt58-1 [sic] complaint first amended (proposed) jury demanded." Dkt. #76 at 2. Bruce Lowndes offers no legal support for this Motion. It reads as a letter to the Court: "Your Honour, We live in a new world – the Poet cries in Verse, it will get worse." *Id*. Bruce Lowndes moves for a bench trial because "Defendant would be at an unfair advantage;" why that would be the case is never fully explained, although he refers tangentially to the Court's efforts to deal with the COVID-19 pandemic. *See id*. Bruce Lowndes declares—without factual support or even context—that hostile witnesses will accept payment for perjury in this case. *Id.* It is unclear whether he is moving to dismiss or moving for reconsideration of a prior Court order. In any event, this Motion is denied. An attachment to this filing appears to continue the request to dismiss the Amended Complaint, arguing that it is confusing and that Plaintiff should have "simply file[d] an amendment or addendum to her original November 2019 Complaint…" Dkt. #76-1 at 3. The Court does not permit amendments to pleadings by

ORDER RE: VARIOUS BRUCE LOWNDES MOTIONS - 2

addendum and requires parties to file entirely new pleadings, even if there are only minor changes. This ensures that everyone is working off the same, single document. In any event, this filing goes on at length on various tangents. The Court will not respond further to this filing.

At Docket #77, Bruce Lowndes again files a letter to the undersigned judge requesting that his son and wife be removed as Defendants in this case and again strays off on several irrelevant tangents ("He alone Donated for the Spiritual Lessons over a period of some 30 years, converted to digital, paid to fix worn out cassettes, edited the Coughs and other noises from the Tapes, added appropriate Images & Spiritual Music, gave reference to KMR's copyright and upheld the Aquarian Foundation as the Mother which gave birth to HIGHER SPRITUALISM but no longer Aquarian Foundation and uploaded to the Internet to convert into MP4 Videos."). *See* Dkt. # 77 at 3. Bruce Lowndes states that he, "acting on behalf of all Australian Defendants has pleaded with Plaintiff since November 2019 to remove the innocent parties from her LIST of Defendants." *Id.* at 4. The Court again stresses to Mr. Lowndes that he is not authorized or qualified to act on behalf of other individuals in this case. The Court sees no clear request for relief in this Motion that can be granted at this time.

At Docket #85, Bruce Lowndes moves to "deny electronic invasion" and asks the Court, with regard to Plaintiff's proposed agreement on the discovery of electronically stored information, to "deny any such proposal of pre-trial discovery as no due cause exists." Dkt. #85 at 2. Bruce Lowndes cites no authority for preventing discovery in this matter, electronic or otherwise. *See id.* at 3 ("He is innocent. Therefore the Plaintiff has no moral right to further Discovery."). Plaintiff appears to be seeking to enter this Court's model ESI agreement. This

ORDER RE: VARIOUS BRUCE LOWNDES MOTIONS - 3

Motion is denied. The Court will address Plaintiff's separate Motion for order permitting subpoena of electronically stored information from a third party at a later date. *See* Dkt. #88.

At Docket #100, Bruce Lowndes again moves to dismiss and set aside the Amended Complaint. This filing again reads as a letter to the undersigned, lacks any legal basis for the request, and includes irrelevant attachments. This motion is denied.

At Docket #103, Bruce Lowndes has e-filed a "Second Response of Defendant Opposing Plaintiff's Motion Opposing Motions of B.K. Lowndes to Deny ESI" and noted this as a new Motion. This filing does not conform with the Court's Local Rules regarding how motions and responsive briefing are filed. *See* LCR 7. In any event, Bruce Lowndes offers no basis to prevent discovery in this filing. His sole citation to the law, Rule 26(b) for the proposition that the requested discovery is overly burdensome or privileged, is not fleshed out with any analysis. The Court will address electronic discovery from a third party when it addresses Plaintiff's Motion, Dkt. #88.

At Docket #104, Bruce Lowndes opposes Plaintiff's Motion for ESI and moves to set aside that Motion. The Court will deny Bruce Lowndes's request to set aside Motion #88 and will address the substance of Plaintiff's Motion at a later date after reviewing Bruce Lowndes' response contained in this same filing.

The Court concludes by warning Bruce Lowndes that his pattern of filing incoherent, rambling, and duplicative letters will not be further tolerated. He is advised to review the Court's Local Rules of Civil Procedure and the Federal Rules of Civil Procedure if he is to continue to proceed pro se in this matter.

After having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

ORDER RE: VARIOUS BRUCE LOWNDES MOTIONS - 4

1) Motions filed by Bruce Lowndes at Dkts. #72, #76, #77, #85, #100, #103, and #104 are DENIED as set forth above.

2) Plaintiff Aquarian Foundation's Motion to Strike, Dkt #105, is DENIED AS MOOT.

DATED this 14th day of July, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE