UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AQUARIAN FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE KIMBERLY LOWNDES, et al.,<br><br>Defendants. | Case No. C19-1879RSM<br><br>ORDER GRANTING DEFENDANTS ALLEN AND ANNE JENNE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |

This matter comes before the Court on Defendants Allen M. and Anne S. Jenne's Motion to Dismiss for lack of personal jurisdiction and failure to state a claim. Dkt. #67. Plaintiff Aquarian Foundation ("AF") opposes. Dkt. #78. Given the limited nature of this Motion, the Court has determined that the entire set of alleged facts need not be recited.

As an initial matter, the Court finds that the instant Motion is procedurally proper given that these Defendants have not filed an Answer to AF's *Amended* Complaint, which was filed with leave of the Court during the briefing on this Motion. No party has asked for leave to re-brief these issues and the Court finds that such is entirely unnecessary given the limited changes to the Complaint's allegations against these Defendants. In any event, the Court could also convert Defendants' Rule 12(b)(6) Motion to a ruling on the pleadings under Rule 12(c)

ORDER GRANTING DEFENDANTS ALLEN AND ANNE JENNE'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION - 1

and adopt the analysis below under the identical standard.  Again, this is unnecessary because of the filing of the Amended Complaint.

AF's 20-page Amended Complaint barely mentions these Defendants.  Dkt. #73.  It states that Defendant Allen Jenne "is a former Spiritual Leader of Plaintiff, and was removed for cause from Spiritual Leadership in the Church, **during which all of his privileges were revoked**."  Dkt. #73 at 4 (emphasis in original).  He is alleged to have "willfully sponsored, assisted, supported, helped to conceal, and otherwise enable acts by [Defendant Bruce Kimberly Lowndes] herein."  *Id.*  Specifics are lacking.  For example, Allen Jenne is accused of "continu[ing] to sympathetically communicate with and knowingly encourage and assist [Defendant Bruce Kimberly Lowndes], receiving select reports and invitations regarding [Lowndes's] anti-Aquarian activities and openly and knowingly encouraging them…"  *Id*.  Details on Anne Jenne are even more lacking.  She is believed to have assisted Allen Jenne by participating in communications as described above.  *Id*.

The Amended Complaint alleges that Defendants violated AF's copyrights and stole trade secrets by assisting Defendant Bruce Kimberly Lowndes as his "cohorts."  According to AF, Bruce Kimberly Lowndes has "published on-line e-mails to his cohorts in which he describes how his cohorts must subvert Aquarian's published and unpublished works, and has named Defendants Allen and Anne Jenne [] in such e-mails."  *Id*. at 10.  AF alleges that Allen and Anne Jenne had access to copyrighted works "during a long period of time, and therefore, have either copied or taken copies that were entrusted to them, and ultimately provided to [Defendant Bruce Kimberly Lowndes], many of these items."  *Id*. at 12.  Later AF pleads that these Defendants converted its property by using mere labels and conclusions.  *Id*. at 17.

ORDER GRANTING DEFENDANTS ALLEN AND ANNE JENNE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 2

These Defendants have not lived in Washington State since 1975; they currently live in North Carolina.  Dkts. #68 and #69.  They deny having requested or acquired access to AF materials in or from the State of Washington since being excommunicated in 1999, or soliciting, advertising, or disseminating any AF information in this state.  *Id*.

"In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a *prima facie* showing of jurisdictional facts to withstand the motion to dismiss.'" *Id*. (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)).  A plaintiff may not simply rest on the "bare allegations of [the] complaint." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977)).  But uncontroverted allegations must be taken as true, and "[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

Personal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996).  Since Washington's long arm statute reaches only as far as the Due Process Clause, the Court need only analyze whether the exercise of jurisdiction would comply with due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). For the exercise of jurisdiction to satisfy due process, a nonresident defendant, if not present in the forum, must have "minimum contacts" with the forum such that the assertion of jurisdiction "does not

ORDER GRANTING DEFENDANTS ALLEN AND ANNE JENNE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 3

offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (internal quotation marks omitted). A federal district court may exercise either general or specific personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). To establish general jurisdiction, the plaintiff must demonstrate that the defendant has sufficient contacts to "constitute the kind of continuous and systematic general business contacts that approximate physical presence." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124 (9th Cir. 2002) (internal quotation marks omitted). This court uses the following three-part test to analyze whether a party's "minimum contacts" meet the due process standard for the exercise of specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Schwarzenegger*, 374 F.3d at 802. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995). While all three requirements must be met, this court has stated that in its consideration of the first two prongs, "[a] strong showing on one axis will permit a lesser showing on the other." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1210 (9th Cir. 2006) (en banc).

ORDER GRANTING DEFENDANTS ALLEN AND ANNE JENNE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 4

  AF claims it has made a prima facie case of general personal jurisdiction based on the fact that these Defendants' continuously lived in Washington until 1975 and did business in this state up until 1999 when they were excommunicated. Dkt. #78 at 9–11. The Court finds that living in this state 45 years ago cannot serve as the sole basis for continuing general personal jurisdiction in perpetuity. The allegations of business dealings in this state are entirely too vague to show continuous business contacts, and in any event appear to have stopped over 20 years ago. Accordingly, the Court finds Plaintiffs have failed to establish a prima facie case of general personal jurisdiction.

  As for specific personal jurisdiction, AF argues:

> Aquarian's claims arise out of or result from defendant Jennes' forum-related activities. They became trusted agents, helped to create and acquire the copyrighted works that are the subject of this litigation, applied for and received funds from Seattle to develop such works in the 1980's and held the responsibility to safeguard these works for Seattle from 1977—1999 in New York. Their position, their knowledges, and their career as agents of Aquarian of Seattle were all forum-related activities. Only through those activities did they obtain access to and possession of copyrighted and secret works of Aquarian, including some of the oldest and rarest.
> .

Dkt. #78 at 13. Attached declarations to AF's briefing indicate that Anne Jenne is a Facebook friend of Defendant Bruce Kimberly Lowndes, and that her name has been included in an email as part of Lowndes's "team." *See* Dkt. #79. As the Court has become well aware, Defendant Lowndes lives and operates out of Tasmania. *See* Docket.

  The Court finds that the alleged facts and the other similarly deficient facts in AF's briefing fail to make a prima facie case for specific personal jurisdiction. AF's claims do not arise from Defendants' lawful handling of copyrighted materials in Washington State several decades ago. The allegations of what these Defendants have done in violation of copyright law

are simply too vague and fail to mention contacts with Washington State. Defendants, presumably operating out of their North Carolina home, are alleged to have "sympathetically communicate[d] with and knowigly encourage[d] and assist[ed] [Defendant Bruce Kimberly Lowndes], receiving select reports and invitations regarding [Lowndes's] anti-Aquarian activities and openly and knowingly encouraging them." There is no clear allegation of contact with Washington, and even if Washington State was somehow connected with these Defendants' sympathetic support and friendship with Defendant Lowndes, such contacts with a Tasmanian are insufficient to make a prima facie case of specific personal jurisdiction here in Washington State. Accordingly, this Court lacks personal jurisdiction over these Defendants and will grant their Motion to dismiss under Rule 12(b)(2).[1]

Having dismissed these Defendants for lack of personal jurisdiction, the Court need not rule on Defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6). The Court notes, however, that the claims against these Defendants are entirely too vague and conclusory. AF pleads mere labels and conclusions; these claims would be dismissed under the *Twombly/Iqbal* standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (The court is not required to accept as true a "legal conclusion couched as a factual allegation"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

After having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendants Allen M. and Anne S. Jenne's Motion to Dismiss

---

[1] The Court notes that *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, reminds the Court that it is the defendant's contacts with the forum, and not his or her contacts with the plaintiff, that are relevant for a specific personal jurisdiction inquiry. *See* 874 F.3d 1064, 1070 (9th Cir. 2017) ("…we must look to the defendant's 'own contacts' with the forum, not to the defendant's knowledge of a plaintiff's connections to a forum.")

ORDER GRANTING DEFENDANTS ALLEN AND ANNE JENNE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION - 6

for lack of personal jurisdiction and failure to state a claim, Dkt. #67, is GRANTED. All claims against these Defendants are DISMISSED.

DATED this 20th day of August, 2020.

　　　　　　　　　　　　　　　　　　　*/s/ Ricardo S. Martinez*
　　　　　　　　　　　　　　　　　　　RICARDO S. MARTINEZ
　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE