1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AQUARIAN FOUNDATION,

     Plaintiff,

     v.

BRUCE KIMBERLY LOWNDES, et al.,

     Defendants.

Case No. C19-1879RSM

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING VARIOUS MOTIONS FROM B.K. LOWNDES

This matter comes before the Court on Plaintiff Aquarian Foundation's Motion for Default Judgment, Dkt. #122, and various pro se Motions filed by Bruce Kimberly Lowndes prior to the arrival of defense counsel. Plaintiff's Motion for Default Judgment moves for:

> Entry of judgments against the defaulted defendants, CHERI LOWNDES, Dckt 54, MATTHEW AND JENEFER LOWNDES, and their MARITAL COMMUNITY, Dckt 65, 66; MARK LOWNDES, MARGARET, KVESIC AND THEIR dba CALAVERA PRODUCTIONS; Dckt 56, 57, DARYL WARDENAAR and his dba, DPWTECH COMPUTER SOLUTIONS , Dckt 55.
>
> With the following joint and several relief:
> a. A monetary judgment for at least the minimum statutory damages;
> b. Exemplary damages, in the minimum amount of $150,000
> c. A permanent injunction against selling, marketing, uploading, downloading, publishing, distributing, posting, storing or placing

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING VARIOUS MOTIONS FROM B.K. LOWNDES - 1

on a cloud, using or creating derivative works, or using in any way Works appearing on Schedules A and C and Trademarks listed on Schedule B in this matter, and/or assisting with said acts—proposed Order attached.

d. An order to take down, return, delete, and otherwise destroy and/or surrender all copies of protected Works, and otherwise cease and desist from violating protected Works.

f. [sic] A judgment for Attorney's fees,

f. A judgment for the cost of Service of Process for Cheri Lowndes, Matthew and Jenefer, and their Marital Community, and Daryl Wardenaar—dba—DPW TECH Computer Solutions.

*Id.* at 1–2.

Given the limited nature of this Motion, the Court has determined that the entire set of alleged facts need not be recited. Indeed, this Motion can be resolved after a review of the procedural history of this case.

Plaintiff filed its first Complaint on November 19, 2019. Plaintiff moved for default against the above parties in May of 2020. Plaintiff sought to file an Amended Complaint halfway through the process of moving for default against these parties. Dkt. #58. Throughout this case, Defendant Bruce Kimberly Lowndes has been the main target of Plaintiff's claims, the main and often only party to oppose Plaintiff's Motions, and someone who repeatedly denied that the above defaulting parties needed to appear to defend themselves. *See* Dkt. #132. This Court notes, however, that it has often been frustrated by the lack of clarity in the pro se filings of this Defendant. *See* Dkts. #106 and #135. Finally, on September 15, 2020, defense counsel appeared, indicating that he now represents not only Bruce Kimberley Lowndes but the above defaulting Defendants. *See* Dkt. #157 at 1 ("[t]he undersigned has been engaged this very day by all of the non-dismissed Defendants."). This new counsel argues that the defaulting parties never received service of the Amended Complaint, that the global pandemic, lockdown, health issues and limited financial resources of the defaulting Defendants have made it inequitable to

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING VARIOUS MOTIONS FROM B.K. LOWNDES - 2

1    grant the requested relief, and that "there are a multitude of procedural irregularities in this

2    case." *Id*.

3        The Court has authority to enter a default judgment against the above Defendants based

4    on the Clerk's entries of default and pursuant to Federal Rule of Civil Procedure 55 and Local

5    Civil Rule 55.  Although there is some debate between the parties as to whether the filing of the

6    Amended Complaint made the original Complaint void, thus making it impossible for the Court

7    to enter default on that Complaint, the Court finds it need not resolve that thorny issue to rule on

8    this Motion.

9        The Court has discretion in deciding whether to enter a default judgment.  *Eitel v.*

10   *McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  In deciding whether to enter a default

11   judgment, a court may consider seven factors set forth in *Eitel*: (1) the possibility of prejudice to

12   the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint,

13   (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material

14   facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying

15   the Federal Rules of Civil Procedure favoring decisions on the merits.  *Id.*

16       This is an unusual case where the procedural circumstances and equity outweigh more

17   substantial considerations.  The Court finds that, even if the Court were to find that Plaintiff has

18   presented sufficient evidence that these Defendants defaulted in this case, and even if the facts

19   showing liability and personal jurisdiction were sufficient, the Court would still find that the

20   defaults at issue were due to excusable neglect and that there is a strong possibility of a dispute

21   concerning material facts.  Defendant Lowndes and defense counsel have convinced the Court

22   that the defaulting Defendants' neglect in responding to this case was almost certainly due to

23   excusable neglect—confusion about their role in this case, difficulties in communicating due to

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING
VARIOUS MOTIONS FROM B.K. LOWNDES - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

their remoteness, the pandemic, and limited financial means, and their lack of legal understanding.   An examination of the entire record supports the arguments made by Defendants in briefing.   Given the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, the arrival of defense counsel in this case, and the procedural posture of the remaining motions in this case, the Court finds that default judgment against these Defendants is not warranted.   Defendants are advised to now proceed with all procedural requirements in this case, including responding to the Amended Complaint.

The Court will take this opportunity to rule on Defendant Bruce Kimberly Lowndes's two Motions to dismiss Defendants other than himself for lack of personal jurisdiction, filed pro se and before the arrival of defense counsel representing those Defendants, Dkts. #110 and #121.   The Court agrees with Plaintiff that Defendant Bruce Kimberly Lowndes was not authorized to act on behalf of those Defendants and that his Motions were filed without citation to valid declarations from these parties or other admissible evidence.   *See* Dkt. #153 at 4 ("Purported statements of Cheri and Matthew are undated and not in evidentiary form. These "statements" duplicate those submitted in Dckt 72 and 72-2, already rejected by this court as a basis to vacate defaults.").   The Court cannot rule on this issue based solely on Bruce Kimberly Lowndes' argument and undated, improperly formatted "affidavits" not signed under penalty of perjury.   These Motions cannot be granted in their current form, and the Court will deny them without prejudice.

The Court will also deny Defendant Bruce Kimberly Lowndes's vague Motion to Order & Restrain, Dkt. #108, which requests the Court "place an immediate Censure, Ban, Freeze, Restraint or similar so named 'HOLD' …[on] Lawyer Jean Schielder-Brown and Plaintiff to prevent the malicious viscous [sic] Defamation and character assassination of Defendant."   The

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING
VARIOUS MOTIONS FROM B.K. LOWNDES - 4

Motion sets forth "Points in Contention" and reads more like a letter discussing Plaintiff's claims in this case. This Motion does not seek clearly expressed relief available under cited law and appears to be based on an email sent by Plaintiff related to this litigation, which likely cannot serve as a basis for a defamation claim or sanctions against Plaintiff or Plaintiff's counsel. Mr. Lowndes has failed to set forth a basis for the requested relief and the Court will dismiss this Motion without prejudice.

After having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff Aquarian Foundation's Motion for Default Judgment, Dkt. #122, is DENIED.

2) Defendant Bruce Kimberly Lowndes's two Motions to dismiss Defendants, Dkts. #110 and #121, are DENIED without prejudice.

3) Defendant Bruce Kimberly Lowndes's Motion to Order & Restrain, Dkt. #108, is DENIED without prejudice.

4) The Court DIRECTS the parties to prepare a Joint Status Report on the status of discovery and the parties' current positions as to the discovery motion at Dkt. #88, not to exceed ten (10) pages, to be filed with the Court no later than thirty (30) days from the date of this Order.

DATED this 8th day of March, 2021.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DENYING
VARIOUS MOTIONS FROM B.K. LOWNDES - 5