UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AQUARIAN FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE KIMBERLY LOWNDES, et al.,<br><br>Defendants. | Case No. C19-1879RSM<br><br>ORDER DENYING DEFENDANT B.K. LOWNDES'S MOTION TO DISMISS UNDER FIRST AMENDMENT |

This matter comes before the Court on Defendant Bruce Kimberley Lowndes's "Motion to Dismiss Lawsuit under the American Constitution Amendment One." Dkt. #118. The Court interprets this pro se filing as a Motion to Dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). While this is the most likely relief sought by Defendant Lowndes, the Motion does not cite to this Rule or any other basis for dismissing the lawsuit. Instead, the filing reads as a letter addressed to the Court. *See id.* at 2. The filing appears to argue that Plaintiff's copyright claims violate Defendants' First Amendment right to the free exercise of religious practice. *Id*. However, Mr. Lowndes fails to adequately connect the facts of this case to legal arguments. Instead, he briefly discusses the Bill of Rights generally before diving into a lengthy history of the religious practice at issue in this case, "Spiritualism." *See*

ORDER DENYING DEFENDANT B.K. LOWNDES'S MOTION TO DISMISS UNDER FIRST AMENDMENT - 1

*id.* at 3–7.  After sharing the details of several séances ("I personally observed large Crystal & Glass spheres rise-up from flat Hotel Towels"), Mr. Lowndes discusses in one or two sentences efforts to "get the message out" through printed materials and cassette tapes.  *Id.* at 4–5.  He argues that the divine message of Spiritualism was not meant to be controlled solely by Plaintiff and states that "[t]he Copyright issue is Evil dressed in Female form."  *Id*. at 5–6.  He lists the following arguments to support this Motion:

> 1. Aquarian Foundation has not established Legal Copyright nor Legal Ownership of Public Domain Lessons meant for the Public.
> 2. Aquarian Foundation has not proved their action of substituting KMR for the actual Authors name is Legal.
> 3. 53 Lessons listed by Aquarian are Copyrighted by Alvis Dunn Executor of KMR's Estate. Lessons prior 1967 are not copyrighted.
> 4. Aquarian has lied and lied and been found wanting, it is the obtuse, Evil erroneous Greed driven Werner & Cohort (to use their words) who wish to use Copyright as the excuse and refuse to acknowledge.
> 5. Lowndes has had actual permission to use copyrighted Materials since 1975.
> 6. Lowndes and Mrs Alvis Dunn visited Val Rhinehart in Cheyenne, Wyoming, who stated Copyright was to protect her young son and to minimize Plagiarism, never to block the real God from the World.

*Id*. at 6.  These arguments are not expanded upon in this Motion.  Mr. Lowndes simply repeats again and again that the Court should protect his First Amendment rights.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party.  *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).  However, the court is not required to accept as true a "legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The complaint "must contain sufficient factual matter, accepted as

ORDER DENYING DEFENDANT B.K. LOWNDES'S MOTION TO DISMISS UNDER FIRST AMENDMENT - 2

true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

        This six-page Motion (the filing is longer with exhibits), cannot be granted as filed as it does not seek cognizable relief based on clearly identified law. If this is a Motion to Dismiss under Rule 12(b)(6) the Court must accept all facts alleged in the complaint as true for purposes of ruling on the Motion. *Baker, supra*. Mr. Lowndes essentially argues that Plaintiff's pleaded facts are not true, and that Plaintiff has failed to prove its case at the pleading stage. These are not valid arguments on a Motion to Dismiss and are better saved for a motion for summary judgment or trial. Mr. Lowndes asks that the Court simply point to the First Amendment in dismissing this case, but questions of fact and law remain unanswered. The Court will thus deny this Motion.

        After having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Defendant Bruce Kimberley Lowndes's "Motion to Dismiss Lawsuit under the American Constitution Amendment One," Dkt. #118, is DENIED.

        DATED this 31st day of March, 2021.

RICARDO S. MARTINEZ  
CHIEF UNITED STATES DISTRICT JUDGE