UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AQUARIAN FOUNDATION,<br><br>  Plaintiff,<br><br>  v.<br><br>BRUCE KIMBERLY LOWNDES,<br><br>  Defendant. | Case No. C19-1879RSM<br><br>ORDER RE: MOTIONS FOR SUMMARY JUDGMENT |

## I.  INTRODUCTION

This matter comes before the Court on Motions for Summary Judgment filed by the parties, Dkts. #196 and #204.  Oral argument has not been requested.  For the reasons stated below, the Court DENIES Defendant's Motion and GRANTS IN PART Plaintiff's Motion.

## II.  BACKGROUND

This action seeks statutory damages and injunctive relief for copyright and trademark infringement.  Plaintiff Aquarian Foundation, Inc. ("Aquarian") is a Washington nonprofit corporation.  The only remaining Defendant, Bruce Lowndes, resides in Tasmania, Australia.

Keith Milton Rhinehart founded a religious organization associated with Plaintiff Aquarian Foundation in 1955 in Seattle.  Dkt. #201-1 ("Werner Decl."), ¶ 7.  The Church's[1]

---

[1] The parties and the Court refer to this organization as "the Church" or "Aquarian," however the Court acknowledges Defendant Lowndes's position that he has operated a separate offshoot of this religious organization in Australia.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 1

teachings are contained in approximately 495 written manuscripts, sound recordings and audiovisual recordings. 492 of those 495 documents were authored by Rhinehart. *Id.* at ¶8. Aquarian claims it owns United States copyright registrations for 221 of the 495 "Works." The remaining 274 Works are considered highly confidential, unpublished propriety works.

Aquarian is the registrant of U.S. Trademark Registration No. 6,051,941 for the mark CHURCH OF HIGHER SPIRITUALISM (the "Trademark").

Defendant Lowndes is accused of copyright and trademark infringement related to the above works and mark over the last several decades.

Lowndes joined the Church in 1976. He took a leadership position in the 1980s and directed a study group at one or more of the Church's locations. Aquarian states that Lowndes was given permission to use the Church's copyrighted materials in his day-to-day duties and that he was entrusted with the physical possession of a collection of the Works.

Lowndes states he was given an "unrestricted written license" to the copyrighted Works by Reinhardt himself on June 9, 1985. He has filed a document memorializing this agreement with the Court. Dkt. #198 at ¶ 8, Ex. A. This "Legal Permission to Use Copyrighted Materials" is apparently signed by Keith Milton Rhinehart and Defendant, witnessed by Lance Flair and Cherie Lowndes. *Id*. at Ex. A. This permission applies to all materials copyrighted by Rhinehart related to the church prior to the date of signing. There is no indication that it applies to future materials. The agreement has no expiration date and states the release and permission is "without restriction" and "unrestricted." *Id.* The signing parties agreed that Lowndes would split donations he receives equally with the Aquarian Foundation. *Id.*

Lowndes ran Aquarian groups in the United States in the 1980s and early 1990s. By 1994 he had moved to Australia.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 2

Aquarian removed Lowndes from all positions he held with the Church in roughly 1996, and ordered him to return all copies of the Works. Lowndes refused. Lowndes states that there was a "schism" in the organization and he founded a "splinter church" in Australia. Dkt. #198 at ¶ 9. Whether he was "excommunicated," and the legal ramifications of that, remain unclear to the Court.

The parties agree that Lowndes continued to operate his own church using the HIGHER SPIRITUALISM mark through various social medial accounts and websites out of Australia.

Rhinehart passed away on April 30, 1999. According to Aquarian, he left his entire estate, including all relevant rights in the Works, to the Church, with minor exceptions not relevant here. Lowndes attacks the legal grounds for such an assertion. Evidence of the will and the completion of probate have been filed by Aquarian. Dkts. #201-6, #201-7, and #201-8. The will does not mention copyrights, it simply transfers the residual of the estate. Aquarian has filed letters it sent to the United States Copyright Office providing notice of inheriting Rhinehart's Works under his will and acknowledgement from that office that the copyright had been transferred. Dkt. #201-9.

In 2014, Aquarian discovered that Lowndes had uploaded a number of the protected Works not only to his website, but also to his social media accounts on YouTube and Vimeo, and made those Works available to the public for consumption on devices in the United States. Aquarian provides evidence that these Works were still available from Lowndes at the time this lawsuit was filed. *See* Werner Decl.

Aquarian first filed this action on November 19, 2019. Dkt. #1. Aquarian now brings causes of action for declaratory judgment, copyright infringement, trademark infringement, and unfair competition and false designation of origin. Dkt. #182.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 3

## III. DISCUSSION

### A. Legal Standard for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Defendant Lowndes's Motion for Summary Judgment

#### 1. Whether Aquarian owns Rhinehart's Copyrights

Defendant Lowndes first argues that Aquarian is not the owner of Rhinehart's copyrights by challenging Aquarian's claim to have inherited the copyrights through a will that transferred the residual of his estate to the church. Dkt. #196 at 7. Lowndes argues that this transfer was not in compliance with applicable law because there was no separate written

transfer of the copyrights. Dkt. #196 at 7 (citing 17 U.S.C. §204(a)). Lowndes also argues that Rhinehart's works do not fall under the "work for hire" exception. Dkt. #196 at 9 (citing *Community for Creative Non-Violence vs. Reid*, 491 U.S. 730, 731, 109 S. Ct. 2166, 203 L. Ed. 2d 147 (1989)).

In Response, Aquarian argues that these were works for hire because they were authored by Rhinehart within the scope of his employment with the Church, that he was paid a salary by the Church, and that the Works were recorded in various media formats by Church employees using Church-owned recording devices on Church-owned property. Dkt. #201 at 10. Aquarian also has this to say about the transfer of the copyrighted works after Rhinehart's death:

> Contrary to Lowndes's lawyer's speculation, Rhinehart's Will was properly probated in King County Cause No. 99-4-03566-3 SEA. During the probate process, (i) the Will was proved valid, (ii) Rhinehart's executor, Alvis Dunn, distributed the copyright interests to the Church, (iii) the Church acknowledged receipt of the copyright materials, and (iv) Dunn filed a receipt from the Church as instructed by the probate court, as set forth in the probate court orders attached hereto as Exhibit 1-H and 1-I.

Dkt. #201 at 12.

After Rhinehart's passing the Church notified the U.S. Copyright Office that it had inherited all copyright interests in the Works that were previously held by Rhinehart, and on December 28, 2000, the U.S. Copyright Office accepted and filed the Transfer of Copyright interest form identifying the Church as the new owner of the copyright interests in and to all published and unpublished Works that were previously owned by Rhinehart. *See* Dkt. #201-9.

Although Lowndes offers little evidence to attack the work for hire argument, the Court finds the application of such a legal doctrine to the spiritual leader of a church, given this factual record, to be impossible without further factual support. However, the Court has reviewed the record and finds no genuine dispute as to the question of the transfer of these copyrights after

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 5

Rhinehart's death. Such transfer appears proper, and Lowndes has put forth no valid basis to challenge it. The ownership of a copyright may be bequeathed by a will. 17 U.S.C. § 201 (d). Rhinehart's will was properly probated and Lowndes offers no valid basis to challenge that assertion. The transfer of a religious leader's copyrighted works to his church after death has been upheld by the Ninth Circuit under similar circumstances. *See Worldwide Church v. Philadelphia Church of God*, 227 F.3d 1110 (9th Cir. 2000). 17 USC §204(a) provides that a transfer of copyright ownership can be accomplished by operation of law without a written conveyance. Accordingly, summary judgment cannot be granted on the grounds that Aquarian does not own Rhinehart's copyrights to the Works. The Court finds as a matter of law that Rhinehart's copyrights were transferred to Aquarian through his will.

### 2. Whether Lowndes was Granted a License for Copyrights

There is a genuine dispute as to whether or not Lowndes was granted a license to Rhinehart's copyrighted works as of June 9, 1985, and as to whether or not this license was breached by Lowndes. Aquarian has called into question the authenticity of this document and argues that Lowndes breached the license agreement by continuing to use the copyrighted materials after leaving the Church and by not sharing donations. Dkt. #201 at 15–18. The Court finds that this document, by its own terms, cannot grant a license for works created after June 9, 1985. To the extent that Lowndes is accused of infringing on materials created after that date, those claims survive even if this document is authentic. In any event, this document cannot serve as a basis for dismissal of Aquarian's claims on summary judgment, and questions of its authenticity or breach are best left for the trier of fact.

//

//

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 6

### 3. Whether Aquarian can Terminate Lowndes's License

Aquarian failed to formally terminate Mr. Lowndes's License until May 7, 2021. Lowndes argues that Aquarian did not have the authority to terminate the License. The Court concludes that this issue need not be resolved at this time as it cannot grant summary judgment dismissal of Aquarian's claims even if the License were valid.

### 4. The Copyright Act applies to this Case

Defendant Lowndes next argues that the Copyright Act does not apply outside the United States and therefore does not reach him in Tasmania. Dkt. #196 at 11. This argument is irrelevant to this action because Lowndes has used his website and social media to share infringing materials internationally, including in the United States and indeed in this District. The Court finds that Aquarian has presented sufficient evidence of infringement in the United States and that this cannot be a basis for dismissal as a matter of law of any claims in this case.

### 5. Statute of Limitations – Copyright Infringement

Lowndes contends that the statute of limitations has expired and asks the Court to dismiss claims for copyright infringement occurring before November 19, 2016. Aquarian argues that "All of the infringing conduct occurred within three years of the date of filing this case." Dkt. #201 at 22.

The Court finds that any infringement occurring prior to November 19, 2016, is not the subject of Aquarian's claims.

### 6. Trademark Claims

Aquarian is only bringing a trademark infringement claim for "Church of Higher Spiritualism," which was registered under U.S. Trademark Reg. No. 6,051,941 on May 12, 2020. *See* Dkt. #204-20. Aquarian relies heavily on this registration to justify its claim;

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 7

however registering the trademark on the eve of litigation, with an effective date *after* the filing of this lawsuit, does not provide much support for claims for infringement occurring prior to this action.

On the other hand, Lowndes presents no evidence that this trademark was owned by Rhinehart instead of Aquarian, or that he owns it. He was not granted a license to use this trademark. He admits to using the term in his own splinter church. His best argument against a claim of trademark infringement is that he was using the term at the same time as Aquarian, or that the term is not capable of being trademarked because it is a descriptive term. *See* Dkt. #196 at 14–16. These issues are mixed questions of law and fact and best reserved for trial.

Furthermore, Lowndes presents a credible defense to this claim in the form of laches. Courts in the Ninth Circuit consider several factors when evaluating a laches defense, including (i) strength and value of trademark rights asserted; (ii) plaintiff's diligence in enforcing mark; (iii) harm to senior user if relief denied; (iv) good faith ignorance by junior user; (v) competition between senior and junior users; and (vi) extent of harm suffered by junior user because of senior user's delay. *E-Systems, Inc. v. Monitek, Inc.*, 720 F.2d 604 (9th Cir. 1983). Aquarian likely knew of Lowndes's use of this term for over twenty years. It does not appear to have been very diligent in enforcing this mark. Evidence of harm here is minimal. Nevertheless, it is impossible for the Court to rule in favor of either party on this defense given the many genuine and material factual disputes. Laches will be an issue at trial.

### 7. Unfair Competition and False Designation of Origin Claim

Aquarian has brought a claim for Unfair Competition & False Designation of Origin under 15 U.S.C. §1125(a)(1)(A). Given the many genuine disputes of material fact related to the trademark claim above, this claim cannot be dismissed as a matter of law.

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 8

### 8. Costs and Fees

As the Court is not granting Lowndes's Motion, costs and fees will not be awarded.

### 9. Aquarian's Motion to Strike

Aquarian moves to strike many statements made by Lowndes and his attorney via declaration. Dkt. #201 at 6–7. As the Court is not granting any part of Lowndes's Motion, and finds that there are many genuine disputes of fact, these motions to strike are moot. The Court can deal with accusations of speculation or hearsay evidence in pretrial motions or at trial.

## C. Plaintiff Aquarian's Motion for Summary Judgment

Aquarian has moved for partial summary judgment on a variety of issues. Dkt. #204.

The Court has found that there is no genuine dispute as to the question of the transfer of Rhinehart's copyrights after his death. Such transfer appears legally valid.

Defendant Lowndes has withdrawn his "copyright misuse" defense. Dkt. #206 at 5.

To the extent Lowndes believes he possesses a license to use Aquarian's copyrighted material because "the lessons and messages [from the works] were meant for all mankind," Dkt. #184 (Def. Ans.) at ¶ 64, or that the "works were given to him by the Church to promote their teachings," *Id*. at ¶ 79, such is not supported by law. *See Worldwide Church*, 227 F.3d at 1114.

The Court agrees with Aquarian's argument that Lowndes's use of these copyrighted materials is not fair use or protected by the First Amendment. *See* Dkt. #204 at 20–22 (citing, *e.g.*, *Worldwide Church*, 227 F.3d at 1114–15).

Lowndes's assertion of a defense under the Religious Freedom Restoration Act ("RFRA") is unsupported because he has failed to present nonconclusory evidence that Aquarian's copyrights subject him to a substantial burden in his exercise of religion. *See* Dkt. #206 at 7, *Celotex, supra*.

All other issues raised by Aquarian cannot be ruled on at summary judgment due to genuine disputes of material fact, as stated above.

Lowndes has withdrawn the defenses of failure to state a claim, unclean hands, equitable estoppel, improper service, lack of personal jurisdiction, copyright invalidity and originality. Dkt. #206 at 8.

The Court declines to issue judgement in favor of Aquarian on any claim at this time given the many remaining factual questions in this case.

Lowndes moves to strike many statements made by Jann Werner for Aquarian. Dkt. #206 at 9–10. The Court finds that it did not rely on the statements at issue, and that it can deal with accusations of speculation or hearsay evidence in pretrial motions or at trial.

### IV.   CONCLUSION

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Defendant Lowndes's Motion for Summary Judgment, Dkt. #196, is DENIED, and that Plaintiff Aquarian's Motion for Partial Summary Judgment, Dkt. #204, is GRANTED IN PART as stated above.

DATED this 21st day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER RE: MOTIONS FOR SUMMARY JUDGMENT - 10