UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AQUARIAN FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>BRUCE KIMBERLY LOWNDES,<br><br>Defendant. | Case No. C19-1879RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff Aquarian Foundation ("Aquarian")'s Motion for Protective Order, Dkt. #192. This Motion was filed on August 27, 2021. Discovery closed on September 27, 2021. Dkt. #43. Aquarian subsequently moved for summary judgment, which was granted in part by this Court. Dkt. #214. A bench trial is set to begin on April 25, 2022.

Aquarian files this Motion "to protect the confidential nature of the sacred texts at the core of this dispute." Dkt. #192 at 1. In its Reply, Aquarian states:

> …counsel for the Church has been trying to arrive to a compromise on the scope of the protective order since May; and should not be expected to elevate the issue to motion practice at the first sign of disagreement. Lowndes's obstinate heel-dragging delayed the possibility of compromise and forced the Church's hand to seek this Court's intervention.

Dkt. #199 at 3. The Court agrees with Aquarian. The parties should be able to agree and stipulate to a protective order in this case. Aquarian has not waived its ability to bring this kind

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER - 1

of Motion through delay, though it cannot constrain actions taken by the parties prior to being entered by the Court.

Aquarian's proposed protective order proposes to label as "confidential" all items marked as "confidential," and the Proprietary Works as defined in Plaintiff's Second Amended Complaint. Dkt. #192-2 at 2. This is too broad for a protective order under the Court's Local Rules. A protective order's "protection from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles." LCR 26(c)(2). Under the section entitled Confidential Material, the Court's model protective order instructs: "[t]he parties must include a list of specific documents such as 'company's customer list' or 'plaintiff's medical records;' do not list broad categories of documents such as 'sensitive business material.'" The Court does not see why the parties cannot agree to a protective order limited to solely the agreed upon Proprietary Works. Furthermore, the passage of time in this case may necessitate the parties revisiting the exact terms of a protective order.

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Aquarian's Motion for Protective Order, Dkt. #192, is DENIED. The Court DIRECTS the parties to confer telephonically on this issue in an attempt to stipulate to a protective order based on the above.

DATED this 24th day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER - 2