1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

AQUARIAN FOUNDATION,

Plaintiff,

v.

BRUCE KIMBERLY LOWNDES,

Defendant.

Case No. C19-1879RSM

ORDER DENYING MOTION TO AMEND
JUDGMENT

16

17

18

19

20

21

22

23

24

25

26

27

28

This matter comes before the Court on Plaintiff Aquarian Foundation's Motion for
Amended Findings and Judgment brought under Rules 52(b) and 59(e), Dkt. #247.

Rule 52(b) states that the Court may amend its findings or make additional findings
upon motion by a party within 28 days after the entry of judgment.  Such motions are granted in
order to correct manifest errors of law or fact or to address newly discovered evidence or
controlling case law.  Such a motion "may accompany a motion for a new trial under Rule 59."
Fed. R. Civ. P. 52(b).  A district court has considerable discretion when considering a motion to
alter or amend a judgment under Rule 59(e).  *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d
1058, 1063 (9th Cir. 2003).  A motion for relief from judgment under Rule 59(e) should be
granted when the Court: "(1) is presented with newly discovered evidence; (2) committed clear
error or the initial decision was manifestly unjust; or (3) if there is an intervening change in the

ORDER DENYING MOTION TO AMEND JUDGMENT - 1

controlling law." *In re Syncor ERISA Litigation*, 516 F.3d 1095, 1100 (9th Cir. 2008) (citation omitted).  Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  "A Rule 59(e) motion may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

Plaintiff does not present newly discovered evidence or an intervening change in the controlling law. The Court has reviewed Aquarian Foundation's points, addressed individually below, and finds no manifest errors of law or fact in its Findings of Fact and Conclusions of law.

In its Findings, the Court states that a key signature on a document "appears suspiciously similar to other Rhinehart signatures," that worthwhile expert testimony was required to analyze this issue but did not exist in this case, that "the signature is *close* to appearing to be a photocopy of other Rhinehart signatures," and that in any event expert witness "Ms. McFarland has stated in her report that it is an authentic Rhinehart signature, even if her live testimony was ultimately of no value." Dkt. #241 at ¶ 5 (emphasis in original).  The actual quote from her report is that the signature "appears to be a genuine signature of Mr. Rhinehart..."  Dkt. #247 at 2–3 (citing Dkt. #166 at ¶ 7).  Plaintiff "respectfully requests that this Court remove the following from paragraph 5 of the Findings: 'Ms. McFarland has stated in her report that it is an authentic Rhinehart signature.'" *Id*. at 3.  Plaintiff does not present any basis to question the Court's conclusion that Ms. McFarland's testimony was ultimately of no value.  The Court does not believe the parties or anyone else for that matter is confused by the Court's phrasing.  Given the above, the Court's findings at paragraph 5 are factually

ORDER DENYING MOTION TO AMEND JUDGMENT - 2

accurate and do not constitute manifest error.  Plaintiff has failed to demonstrate that relief under Rules 52(b) or 59(e) are warranted.

Plaintiff next argues Mr. Lowndes infringed works at issue created after June 1985, citing to Defense Exhibit A50.  The admissibility of this exhibit, a table summarizing the Copyrighted Works, was stipulated to by the parties.  However, no testimony or evidence was presented at trial actually demonstrating that any of the works at issue were created after June 1985.  It was not enough for Plaintiff to simply hand the Court a copy of exhibits and not mention them.  A stipulation to admissibility does not constitute a stipulation as to the merits of the evidence.  Plaintiff failed and continues to fail to demonstrate infringement of alleged proprietary works that were not copyrighted, or that injunctive relief for such is justified.  Accordingly, the Court did not error by finding no infringement.  There is no disconnect with the Court's prior Order on summary judgment.

Plaintiff raises new arguments and submits new deposition quotes related to Mr. Lowndes' breach of the alleged license for failure to pass along donations.  This could have reasonably been raised at trial.  In any event, nothing contained therein demonstrates manifest error in the finding that Aquarian Foundation failed to demonstrate breach of the license at trial.

Finally, Plaintiff contends the Court erred by finding it did not have the authority to terminate the alleged license, citing to arguments raised in its trial brief.  The Court found that Plaintiff "presented no credible evidence or argument that it had the authority to terminate the license as an executor, administrator, or personal representative of the estate over a decade after the estate closed" and that it failed to provide Mr. Lowndes with sufficient notice.  Dkt. #241 at ¶ 7.  Plaintiff glosses over the fact that it was not a signatory to the license and has failed to

ORDER DENYING MOTION TO AMEND JUDGMENT - 3

demonstrate that it had the authority to terminate this license as an executor, administrator, or personal representative of the Rhinehart estate.

Plaintiff presents no other valid basis for relief under Rules 52(b) or 59(e).

Having considered the briefing from the parties and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Aquarian Foundation's Motion for Amended Findings and Judgment brought under Rules 52(b) and 59(e), Dkt. #247, is DENIED.  The Court continues to find that attorney fees are not warranted in this case.

DATED this 9th day of August, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO AMEND JUDGMENT - 4