UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AQUARIAN FOUNDATION, | Case No. C19-1879RSM |
| Plaintiff, | ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT |
| v. | |
| BRUCE KIMBERLY LOWNDES, | |
| Defendant. | |

This matter comes before the Court on Defendant Lowndes's Motion for Relief from Judgment, Dkt. #279. Defendant, filing *pro se*, seeks relief under Rule 60(b)(1), (3), and (6) and attorney fees under 17 U.S.C. § 505 & 28 U.S.C. § 1927. *Id*. at 1. The Court has determined that it can and should rule on this Motion without waiting for responsive briefing.

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 1

Rule 60(b)(6) is a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.* (internal quotation marks omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id*. (internal quotation marks omitted).

The Court will be denying this Motion for several reasons.

First and foremost, Defendant Lowndes is barred by local rule from filing his own motions *pro se*, as he is still represented by counsel. *See* LCR 83.2(b)(5) ("When a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his or her own behalf, certifies in the motion that he or she has provided copies of the motion to his or her current counsel and to the opposing party, and is granted an order of substitution by the court terminating the party's attorney as counsel and substituting the party in to proceed pro se…"). Defense counsel's request to withdraw was denied back in March. Dkt. #265. There has been no subsequent request to withdraw or motion to proceed pro se.

Second, Mr. Lowndes's Motion repeatedly seeks relief that cannot be granted at this stage in the proceedings, including requests for discovery. The Court will not be granting this relief now.

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 2

Third, Mr. Lowndes repeatedly cites to authorities beyond the law. *See, e.g.,* Dkt. #279 at 1 ("This Motion seeks to correct a **Cosmic Injustice**") and at 5 ("the Teachings at stake are not the property of any one person or foundation—they are the Universal birth right of humanity. The Court is asked not only to correct procedural errors and address fraud, but to honour the Truth that transcends Law.") (emphasis in original). The Court cannot rely on Mr. Lowndes's spiritual beliefs as a persuasive authority over applicable federal law.

Finally, even if the Court were to analyze the substance of Mr. Lowndes's Rule 60(b) claims, the Court finds no basis to grant relief. Mr. Lowndes simply disagrees with the prior holdings in this case and at the Ninth Circuit. He has failed to show mistake, excusable neglect, or manifest injustice. He provides no legal argument to allow the Court to consider new arguments or evidence now that his counsel did not present earlier in the case or at trial. He has failed to show fraud on the Court, or any other reason that justifies the requested relief. His fraud arguments, while entirely speculative, are also immaterial to the Court's rulings.

Defendant provides no reasonable basis to award attorney fees under the above statutes.

Given all of the above, and after considering the Motion and the remainder of the record, the Court hereby FINDS and ORDERS that Defendant's Motion for Relief from Judgment, Dkt. #279, is DENIED. This case remains CLOSED.

DATED this 30th day of June, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT - 3